**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicole Hills<br>15571 116th Ave<br>Jamaica, New York 11434<br>　　　　　　Plaintiff,<br><br>V.<br><br>ED FINANCIAL SERVICES LLC<br>CITI BANK, N.A.<br>　　　　　　Defendant(s) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**CASE NO.**<br>　　　26-cv-01735-OEM<br><br>**Merchant,J**<br>**Merkl, MJ** |

**INTRODUCTION**

1. This lawsuit is filed by Nicole Hills (referred to as "Plaintiff"), an individual consumer, against EdFinancial Services, LLC (hereinafter referred to as "ED Financial") and Citibank, N.A. (hereinafter referred to as "Citi") (collectively referred to as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff seeks relief for inaccurate, incomplete, misleading, and erroneous credit reporting furnished and verified by Defendants in violation of the FCRA. Through this civil action, Plaintiff seeks to hold ED Financial and Citi liable for their unlawful credit reporting practices and to recover actual damages, statutory damages, punitive damages, and such other relief as permitted by law.

2. The Fair Credit Reporting Act ("FCRA") establishes a detailed framework of protections designed to safeguard consumers from the harmful consequences of inaccurate or misleading credit reporting. By enforcing these protections, the FCRA seeks to minimize the risks associated with false credit information. In passing the FCRA, Congress aimed to strike a critical balance between the financial industry's reliance on accurate credit data and the fundamental rights of consumers to fair, truthful, and complete credit reports.

3. Congress has long recognized that fair and accurate credit reporting is essential to the stability and integrity of the nation's banking and financial systems. Inaccurate or misleading credit information not only jeopardizes individual consumers but also undermines public confidence in financial institutions. To address these risks and ensure

the reliability of credit reporting practices, Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The FCRA is specifically designed to promote accuracy, fairness, and the privacy of consumer information, thereby protecting individual rights while supporting the effective functioning of the broader financial marketplace.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to the Fair Credit Reporting Act and 28 U.S.C. §1331, as this action arises under the laws of the United States.

5.  Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, and Defendants regularly conduct business within this District.

## PARTIES

6.  Plaintiff Nicole Hills ("Plaintiff") is a natural person residing in the Eastern District of New York, with an address at 15-571 116th Avenue, Jamaica, New York 11434. Plaintiff is a consumer and an "individual" as defined by the Fair Credit Reporting Act.

7.  Upon information and belief, Defendant EdFinancial Services, LLC ("ED Financial") is a furnisher of information to consumer reporting agencies and regularly provides information concerning consumers to credit reporting agencies within the meaning of the Fair Credit Reporting Act. ED Financial's principal place of business is located at 298 N Seven Oaks Dr., Knoxville, Tennessee 37922-2369.

8.  Upon information and belief, Defendant Citibank, N.A. ("Citi") is a furnisher of information to consumer reporting agencies and regularly provides information concerning consumers to credit reporting agencies within the meaning of the Fair Credit Reporting Act. Citi's principal place of business is located at 388 Greenwich Street, New York, New York 10013.

9.  At all relevant times, Defendants ED Financial and Citi furnished information concerning consumers, including Plaintiff, to consumer reporting agencies and were therefore subject to the duties and obligations imposed upon furnishers of information under the Fair Credit Reporting Act.

## FACT OF CLAIMS

10. On or about August 31, 2009, Plaintiff incurred a financial obligation for an alleged student loan account with Defendant EdFinancial Services, LLC in the approximate amount of $48,752. The alleged obligation arose from a transaction in which money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes, and therefore constitutes a "consumer credit transaction" within the meaning of the Fair Credit Reporting Act.

11. On or about September 1, 2002, Plaintiff incurred a financial obligation for an alleged line of credit account with Defendant Citibank, N.A. in the approximate amount of $2,500. The alleged obligation arose from a transaction in which money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes, and therefore constitutes a consumer credit transaction within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq.

12. On or about January 20, 2026, Plaintiff discovered multiple inaccuracies on her consumer credit reports, including false payment history information, inaccurate balances, incorrect account statuses, and other inaccurate and misleading information being reported by Defendants on her credit reports maintained by Experian and TransUnion.

13. Defendant EdFinancial Services, LLC furnished and caused to be reported to Experian a balance of $48,752 on Plaintiff's account. This reporting is materially inaccurate and misleading because the account had been paid in full, and the balance on the account is $0. By continuing to report an outstanding balance despite the account being satisfied, Defendant furnished false, inaccurate, and incomplete information regarding the status and balance of Plaintiff's account on her consumer credit report. **(See Exhibit A & B)**

14. Defendant EdFinancial Services, LLC further reported that the most recent payment made on the account was $4,239 on July 28, 2024. This reporting is materially inaccurate and misleading. In fact, Plaintiff made the final payment on November 1, 2024, which satisfied the remaining balance of the account in full and paid off the alleged obligation. By reporting an earlier and lesser payment as the most recent payment while omitting the final payment that extinguished the remaining balance, Defendant furnished incomplete and inaccurate information concerning the status and payment history of the account on Plaintiff's consumer credit report. **(See Exhibit A & B)**

15. Defendant EdFinancial Services, LLC also furnished and caused to be reported that the account status was "open" and "deferred." This reporting is inaccurate and misleading because the account had been paid in full and, therefore, was closed. By reporting the account as open and deferred after the obligation had been fully satisfied, Defendant furnished incomplete and inaccurate information concerning the true status of the account on Plaintiff's consumer credit report.

16. Defendant EdFinancial Services, LLC, further failed to report the account as disputed after Plaintiff notified the consumer reporting agencies of the inaccuracies. Despite receiving notice of Plaintiff's dispute, Defendant continued to furnish information regarding the account without indicating that the account was disputed by the consumer. The failure to report the account as disputed resulted in the continued reporting of incomplete and misleading information on Plaintiff's consumer credit report.

17. Defendant EdFinancial Services, LLC, also reported incomplete balance history information to Experian. Specifically, the balance history fails to include balances, scheduled payments, and amounts paid from the date the account was opened through the present. This omission results in an incomplete and materially misleading credit report because it prevents the account history from being properly verified or accurately understood.

18. Rather than correcting the inaccurate and incomplete information after Plaintiff submitted her dispute, Defendant removed the entire balance history from the account as reported to Experian. By removing the historical balance data instead of correcting and accurately reporting the information, Defendant caused Plaintiff's consumer credit report to remain incomplete, misleading, and incapable of being properly verified by potential creditors.

19. With respect to Defendant Citibank, N.A., Defendant furnished and caused to be reported to Experian and TransUnion a balance of $2,383 on Plaintiff's account. This reporting is materially inaccurate and misleading because the account had been written off, and Citibank confirmed that the balance on the account is $0. Despite the account being written off and the balance being $0, Defendant continued to report an outstanding balance of $2,383 to the consumer reporting agencies, thereby furnishing inaccurate and misleading information on Plaintiff's consumer credit reports. **(A & C)**

20. Defendant Citibank, N.A. also confirmed to Plaintiff on a recorded telephone call that the account had been written off and that the balance on the account was zero. Defendant further represented that a Form 1099-C would be issued in connection with the written-off account. However, despite confirming that the balance was zero and that the account had been written off, Defendant continued to furnish and report an outstanding balance of $2,383 to Experian and TransUnion, and the promised Form 1099-C has not been received. This conduct resulted in the continued reporting of inaccurate and misleading information on Plaintiff's consumer credit reports. **(See Exhibit A & C)**

21. Defendant Citibank, N.A., also failed to report key account information to Experian in the account information section, including the most recent payment, the credit limit, and the monthly payment associated with the account. The omission of this material account information results in the furnishing of incomplete and misleading information regarding

the account, thereby causing Plaintiff's consumer credit report to reflect an inaccurate and incomplete representation of the account.

22. Defendant Citibank, N.A. also reported that the most recent payment made on the account occurred on March 1, 2023, in the amount of $0.00. This reporting is inaccurate and misleading because it suggests that no payment activity occurred on the account while simultaneously representing the account as having payment history activity. Additionally, the reporting fails to provide accurate and complete account information regarding payments made and the actual status of the account. By furnishing this incomplete and misleading information, Defendant failed to ensure that the information reported to consumer reporting agencies was accurate and complete.

23. Defendant Citibank, N.A., also furnished inconsistent and misleading information regarding the account's removal date from Plaintiff's consumer credit reports. Specifically, Defendant reported to Experian that the account would remain on record until September 2029, while reporting to TransUnion that the estimated month and year of removal was April 2029. The reporting of conflicting removal dates to different consumer reporting agencies is materially misleading and inaccurate. as it creates uncertainty and inconsistency regarding the duration the account will remain on Plaintiff's consumer credit file. **(See Exhibit A & C)**

24. Defendant Citibank, N.A., also furnished to Experian and TransUnion inaccurate and misleading payment history information regarding Plaintiff's account. Specifically, Defendant reported in the payment history section that the account was current in December 2022, but then reported the account as 60 days late in January 2023. 60 days late again in February 2023, and subsequently 30 days late in March 2023. This sequence of reporting is logically inconsistent and materially misleading. as an account cannot regress from being 60 days delinquent to only 30 days delinquent without first becoming current or otherwise resolving the delinquency. By furnishing this contradictory and impossible payment history, Defendant reported inaccurate and misleading information on Plaintiff's consumer credit reports. **(See Exhibit A & C)**

25. As a result of the inaccurate and inconsistent payment history reported by Defendant Citibank, N.A., the first date of delinquency associated with the account is also rendered inaccurate and unreliable. The reporting of contradictory delinquency information may improperly alter or extend the calculation of the account's obsolescence period, thereby causing the account to remain on Plaintiff's consumer credit reports longer than permitted under the Fair Credit Reporting Act. This inaccurate reporting is materially misleading and harmful to Plaintiff's credit profile.

26. From approximately March 2019 through the account's reported close date. Defendant Citibank, N.A. failed to report critical account history information in the payment history

section of Plaintiff's consumer credit reports. Specifically, Defendant failed to furnish the account balances, scheduled payment amounts, and the actual amounts paid during this period. The omission of this material information renders the account history incomplete and misleading because it prevents the account's payment activity and balance progression from being accurately reflected or verified. As a result, Defendant furnished incomplete and inaccurate information regarding the account in violation of its duty to report complete and accurate information.

27. Defendant Citibank, N.A. also failed to report the account as disputed to Experian and TransUnion after receiving notice of Plaintiff's dispute. Despite being notified that Plaintiff contested the accuracy and completeness of the information being reported, Defendant continued to furnish information regarding the account without indicating that the account was disputed by the consumer. The failure to mark the account as disputed resulted in the continued reporting of incomplete and misleading information on Plaintiff's consumer credit reports.

28. Although the Fair Credit Reporting Act does not require creditors to furnish information to consumer reporting agencies, once a creditor elects to voluntarily report information, it has a duty to ensure that the information furnished is accurate and not misleading. In this case, Defendants EdFinancial Services, LLC and Citibank, N.A. chose to furnish information concerning Plaintiff's accounts to consumer reporting agencies but failed to ensure the maximum possible accuracy of the information reported. As a result, Defendants furnished incomplete, inaccurate, and misleading information regarding Plaintiff's accounts in violation of the Fair Credit Reporting Act.

29. On or about January 2026, Plaintiff submitted written disputes to Experian and TransUnion regarding the inaccurate and incomplete information being reported on her consumer credit reports. Upon receipt of Plaintiff's disputes, the consumer reporting agencies transmitted the disputes to Defendants, thereby triggering Defendants' statutory obligation under the Fair Credit Reporting Act to conduct a reasonable investigation into the disputed information and to review all relevant information provided in connection with the dispute.

30. Upon information and belief, Experian and TransUnion forwarded notice of Plaintiff's dispute, along with all relevant information regarding the disputed accounts, to Defendants within five (5) business days of receiving Plaintiff's disputes, as required under the Fair Credit Reporting Act.

31. On or about February 26, 2026, Plaintiff received the results of the dispute investigation from Experian, and on or about March 6, 2026, Plaintiff received the dispute results from TransUnion. Despite receiving notice of the disputes and having an obligation to conduct a reasonable investigation, Defendants verified the disputed information as accurate and

Page 6 of 10

allowed the incomplete, inaccurate, and misleading information to continue to be reported on Plaintiff's consumer credit reports.

32. Following the thirty (30) day investigation period provided under the Fair Credit Reporting Act, Defendants failed to modify, correct, or delete the inaccurate and incomplete information from Plaintiff's consumer credit reports. As a result, the inaccurate balances, account information, payment history, and other incomplete account information remained and continues to remain on Plaintiff's credit reports.

33. Upon information and belief, Defendants either failed to conduct any meaningful investigation into Plaintiff's disputes or conducted investigations that were unreasonable under the circumstances, and nevertheless verified the disputed information as accurate.

34. Defendants further failed to review all relevant information provided by Plaintiff in connection with her disputes, as required by 15 U.S.C. § 1681s-2(b), and instead continued to furnish and verify inaccurate and incomplete information to the consumer reporting agencies in violation of their statutory duties under the Fair Credit Reporting Act.

35. Upon receipt of Plaintiff's disputes from the consumer reporting agencies, Defendants failed to conduct a reasonable investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b).

36. Had Defendants undertaken a diligent and reasonable investigation of Plaintiff's disputes, the accounts at issue would have reflected accurate balances, accurate payment histories, and correct account statuses, thereby presenting a complete and truthful account of Plaintiff's credit information.

37. Instead, Defendants failed to properly investigate the disputed information and failed to correct or update the inaccurate and incomplete information being reported. This failure to conduct a reasonable investigation and to correct the inaccurate information constitutes a violation of Defendants' duties under 15 U.S.C. § 1681s-2(b) and has resulted in the continued reporting of inaccurate and incomplete information on Plaintiff's consumer credit reports.

38. Plaintiff has a congressionally protected right to fair and accurate credit reporting and to have consumer reporting agencies maintain consumer credit files that are complete and accurate, free from material misrepresentations, omissions, and inaccuracies.

39. Among other things, the Fair Credit Reporting Act imposes a duty on furnishers of credit information to provide accurate information about their customers to consumer reporting agencies. See Chandler v. Peoples Bank & Trust Co. of Hazard, 769 F. App'x 242, 247–48 (6th Cir. 2019).

## PLAINTIFF'S DAMAGES

39. As a direct and proximate result of Defendants' persistent reporting of inaccurate, incomplete, and misleading information, Plaintiff has suffered substantial actual damages. These damages include, but are not limited to, credit denials, damage to Plaintiff's creditworthiness, loss of access to favorable credit opportunities, and significant time and effort spent attempting to dispute and correct the inaccurate information being reported.

40. Plaintiff has also incurred out-of-pocket expenses associated with addressing and disputing the erroneous credit reporting, including costs related to correspondence, credit monitoring, and efforts to remedy the harm caused by Defendants' conduct.

41. In addition, Plaintiff has suffered emotional distress, frustration, humiliation, and mental anguish as a direct result of Defendants' continued reporting of inaccurate and misleading information. The negative credit reporting created financial uncertainty and caused Plaintiff to experience stress, anxiety, and embarrassment when attempting to obtain credit and address the ongoing inaccuracies.

## COUNT I

### Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b)

42. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43. Defendants violated 15 U.S.C. § 1681s-2(b) by willfully failing to comply with the duties imposed upon furnishers of information after receiving notice of Plaintiff's disputes from the consumer reporting agencies.

44. Specifically, Defendants failed to conduct a reasonable investigation of the disputed information and failed to properly review all relevant information provided in connection with Plaintiff's disputes.

45. Defendants further violated 15 U.S.C. § 1681s-2(b) by failing to modify, correct, or delete information that was incomplete, inaccurate, or materially misleading after conducting their purported investigations.

46. Had Defendants conducted reasonable and diligent investigations as required under the Fair Credit Reporting Act, they would have discovered that the information being reported concerning Plaintiff's accounts was inaccurate, incomplete, and misleading.

47. Instead, Defendants verified the disputed information as accurate and continued to furnish the inaccurate and incomplete information to the consumer reporting agencies.

48. Defendants also failed to review all relevant information relating to Plaintiff's disputes and neglected their statutory duty to correct or permanently block the reporting of the inaccurate information.

49. Defendants' actions and omissions constitute willful violations of 15 U.S.C. § 1681s-2(b), demonstrating a reckless disregard for the accuracy of the information furnished to consumer reporting agencies.

50. A credit report entry may be materially misleading when omissions or incomplete information create a misleading impression, even where certain underlying data may appear facially accurate. Defendants' reporting practices created such materially misleading information on Plaintiff's credit reports.

51. As a direct and proximate result of Defendants' willful violations of the Fair Credit Reporting Act, Plaintiff has suffered and continues to suffer damages as described herein.

52. Defendants exhibited a reckless disregard for Plaintiff's rights by failing to conduct a comprehensive and reasonable investigation into the disputes submitted pursuant to the Fair Credit Reporting Act. Despite receiving notice of the disputes, Defendants failed to take the necessary steps to verify the accuracy of the information being reported or to correct the inaccuracies identified by Plaintiff. This failure has persisted to the present time, as the inaccurate and incomplete information continues to be reported.

53. The foregoing actions and omissions constitute multiple willful, reckless, and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., including but not limited to violations of 15 U.S.C. § 1681s-2(b).

54. As a direct and proximate result of Defendants' willful violations of the Fair Credit Reporting Act, Plaintiff is entitled to recover actual damages, statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n(a).

55. Additionally, as a result of Defendants' negligent noncompliance with the Fair Credit Reporting Act, Plaintiff is entitled to recover actual damages as permitted under 15 U.S.C. § 1681o(a).

## DEMAND FOR JURY TRIAL

56. Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, and grant the following relief:

1. Actual damages sustained by Plaintiff as a result of Defendants' violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o;
2. Statutory damages of not less than $100 and not more than $1,000 per violation, as provided under 15 U.S.C. § 1681n(a)(1)(A);
3. Punitive damages, as the Court may allow, for Defendants' willful noncompliance with the Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n(a)(2);
4. Costs of this action, as permitted by law; and
5. Such other and further relief as the Court deems just and proper.

Dated: 3/20/ , 2026

Respectfully submitted,

Nicole Hills
15-571 116th Avenue
Jamaica, New York 11434
NHills190@gmail.com
Plaintiff, Pro Se

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York ▼

| | |
|---|---|
| Nicole Hills<br><br><br><br><br>*Plaintiff(s)*<br>v.<br>ED FINANCIAL SERVICES LLC<br>CITI BANK, N.A.<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Citibank, N.A.
388 Greenwich Street, New York, NY 10013.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Nicole Hills
15-571 116th Avenue
Jamaica, New York 11434

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                    .

☐ I personally served the summons on the individual at *(place)*

on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

☐ I returned the summons unexecuted because                    ; or

☐ Other *(specify):*

My fees are $                for travel and $                for services, for a total of $        0        .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | | Reset |

# EXHIBIT A

Prepared For

## NICOLE HILLS

Personal & Confidential

Date Generated  Feb 18, 2026

Report Number  0592-8373-76

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results



 ## Contact Info

| Address | PO BOX 31293, SALT LAKE CITY UT 84131 |

# EDFINANCIAL SERVICES L

Account • 134685XXXXXXXXXXXXXXXXXXXXXX

Information on this item has been updated. Please review your report for the details.

 Updated

You can contact EDFINANCIAL SERVICES L at PO BOX, KNOXVILLE , TN 37930 or (865) 342-5500

 # After your dispute

 ## Account Info

| | | | |
|---|---|---|---|
| Account Name | EDFINANCIAL SERVICES LLC | Balance | $48,752 |
| | | Balance Updated | 12/31/2024 |
| Account Number | 134685XXXXXXXXXXXXX XXXXXXXXXXXX | Recent Payment | $4,239 as of 7/28/2024 |
| Account Type | Education | Monthly Payment | $0 |
| Responsibility | Individual | Original Balance | $43,259 |
| Date Opened | 08/31/2009 | Highest Balance | - |
| Status | Open. Deferred, payments begin May 2025. | Terms | 300 Months |
| Status Updated | 08/2019 | | |

## Payment History



|      | J  | F  | M  | A  | M  | J  | J  | A  | S  | O  | N  | D  |
|------|----|----|----|----|----|----|----|----|----|----|----|----|
| 2024 | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ND | ND | ND | ND | ✓  |
| 2023 | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2022 | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2021 | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2020 | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2019 | ND | ND | ✓  | ✓  | ✓  | ✓  | 90 | ✓  | ✓  | ✓  | ✓  | ✓  |
| 2018 | ✓  | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

✓    Current / Terms met

90    Past due 90 days

ND    No data for this period

## Payment history guide

90 days past due as of Jul 2019

By Mar 2026, this account is scheduled to go to a positive status.

 ## Contact Info

Address        **PO BOX,
KNOXVILLE TN 37930**

 ## Comment

## Current:

**None**

## Previous:

**Payment Deferred.**

Invalid date, Invalid date, Invalid date, Invalid date, Invalid date



## Your Statement

Y ITEM DISPUTED BY CONSUMER



## Reinvestigation Info

This item was updated from our processing of your dispute in Feb 2026.



# Before your dispute



## Account Info

| | | | |
|---|---|---|---|
| Account Name | EDFINANCIAL SERVICES LLC | Balance | $48,752 |
| | | Balance Updated | 12/31/2024 |
| Account Number | 134685XXXXXXXXXXXX XXXXXXXXXXX | Recent Payment | $4,239 as of 7/28/2024 |
| Account Type | Education | Monthly Payment | $0 |
| Responsibility | Individual | Original Balance | $43,259 |
| Date Opened | 08/31/2009 | Highest Balance | . |
| Status | Open. Deferred, payments begin May 2025. | Terms | 300 Months |
| Status Updated | 08/2019 | | |



## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ND | ND | ND | ND | ✓ |
| 2023 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ND | ND | ✓ | ✓ | ✓ | ✓ | 90 | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | ✓ | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

✓ Current / Terms met

90 Past due 90 days

ND No data for this period

## Payment history guide

90 days past due as of Jul 2019

By Mar 2026, this account is scheduled to go to a positive status.

 **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Nov 2024 | $48,752 | $0 | $0 on 7/28/2024 |
| Oct 2024 | $48,752 | $0 | $0 on 7/28/2024 |
| Sep 2024 | $48,752 | $0 | $0 on 7/28/2024 |
| Aug 2024 | $48,752 | $0 | $0 on 7/28/2024 |
| Jul 2024 | $48,752 | $0 | $0 on 7/28/2024 |
| Jun 2024 | $48,752 | $0 | $0 on 6/28/2024 |
| May 2024 | $48,752 | $0 | $0 on 5/28/2024 |
| Apr 2024 | $48,752 | $0 | $0 on 4/28/2024 |
| Mar 2024 | $48,752 | $0 | $0 on 3/28/2024 |
| Feb 2024 | $48,752 | $0 | $0 on 2/28/2024 |

## Additional info

The original amount of this account was $43,259



## Contact Info

Address          PO BOX,
                 KNOXVILLE TN 37930



## Comment

## Current:

None

## Previous:

Payment Deferred.

Invalid date, Invalid date, Invalid date, Invalid date, Invalid date



# CITIBANK NA

**POTENTIALLY NEGATIVE**



## Account Info

| | | | |
|---|---|---|---|
| Account Name | **CITIBANK NA** | Balance | $2,383 |
| Account Number | **2469XXXX** | Balance Updated | 01/21/2026 |
| Account Type | **Line of Credit** | Recent Payment | - |
| Responsibility | **Joint with MATHEW BYENIELD** | Monthly Payment | - |
| | | Credit Limit | - |
| Date Opened | **09/01/2002** | Highest Balance | $2,479 |
| Status | **Account charged off. $2,383 written off.** | Terms | - |
| | | On Record Until | Sep 2029 |
| Status Updated | **Aug 2023** | | |

## Payment History

| | | | |
|---|---|---|---|
| **Oct 2025** | $5,908 | $203 | $0 on 10/7/2025 |
| **Sep 2025** | $5,752 | $195 | $0 on 8/15/2025 |
| **Aug 2025** | $6,615 | $234 | $0 on 8/7/2025 |
| **Jul 2025** | $6,708 | $237 | $0 on 7/7/2025 |
| **Jun 2025** | $6,798 | $235 | $0 on 6/7/2025 |
| **May 2025** | $6,892 | $243 | $0 on 5/7/2025 |
| **Apr 2025** | $6,978 | $239 | $0 on 4/7/2025 |
| **Mar 2025** | $6,941 | $245 | $0 on 3/7/2025 |
| **Feb 2025** | $7,026 | $232 | $0 on 2/7/2025 |
| **Jan 2025** | $7,125 | $293 | $0 on 1/7/2025 |
| **Dec 2024** | $7,194 | $296 | $0 on 12/7/2024 |
| **Nov 2024** | $7,230 | $287 | $0 on 10/7/2024 |
| **Oct 2024** | $7,017 | $254 | $0 on 10/7/2024 |
| **Sep 2024** | $7,094 | $251 | $0 on 9/7/2024 |
| **Aug 2024** | $7,174 | $259 | $0 on 8/7/2024 |
| **Jul 2024** | $7,247 | $260 | $0 on 6/26/2024 |
| **Jun 2024** | $7,344 | $296 | $0 on 5/27/2024 |
| **May 2024** | $7,404 | $265 | $0 on 4/26/2024 |
| **Apr 2024** | $7,497 | $297 | $0 on 2/29/2024 |
| **Mar 2024** | $7,158 | $296 | $0 on 2/29/2024 |
| **Feb 2024** | $7,184 | $282 | $0 on 1/8/2024 |

|      | J   | F   | M   | A   | M   | J   | J   | A   | S   | O   | N   | D   |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2026 | CO  | —   | —   | —   | —   | —   | —   | —   | —   | —   | —   | —   |
| 2025 | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  |
| 2024 | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  | CO  |
| 2023 | 60  | 60  | 30  | 60  | 90  | 120 | 150 | CO  | CO  | CO  | CO  | CO  |
| 2022 | ✓   | ✓   | ✓   | ✓   | ND  | ND  | ND  | ND  | ND  | 30  | ✓   | ✓   |
| 2021 | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |
| 2020 | ND  | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |
| 2019 | —   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   | ✓   |

| | |
|---|---|
| ✓ | Current / Terms met |
| 30 | Past due 30 days |
| 60 | Past due 60 days |
| 90 | Past due 90 days |
| 120 | Past due 120 days |
| 150 | Past due 150 days |
| CO | Charge off |
| ND | No data for this period |

## Payment history guide

Charge Off as of Jan 2026 to Aug 2023

150 days past due as of Jul 2023

120 days past due as of Jun 2023

90 days past due as of May 2023

60 days past due as of Apr 2023,Feb 2023,Jan 2023

30 days past due as of Mar 2023,Oct 2022

This account is scheduled to continue on record until Sep 2029.

 **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Nov 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Oct 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Sep 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Aug 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Jul 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Jun 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| May 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Apr 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Mar 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Feb 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Jan 2025 | $2,383 | $0 | $0 on 3/1/2023 |
| Dec 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Nov 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Oct 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Sep 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Aug 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Jul 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Jun 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| May 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Apr 2024 | $2,383 | $0 | $0 on 3/1/2023 |
| Mar 2024 | $2,383 | $0 | $0 on 3/1/2023 |

| Feb 2024 | $2,383 | $0 | | $0 on 3/1/2023 |

## Additional info

Between Feb 2024 and Nov 2025, your credit limit/high balance was $2,500



## Contact Info

| Address | PO BOX 6181, SIOUX FALLS SD 57117 |
| Phone Number | (800) 685-0935 |



## Comment

### Current:

Account closed at consumer's request.

### Previous:

None



## Your Statement

ITEM IN DISPUTE BY CONSUMER



## Reinvestigation Info

This item was updated from our processing of your dispute in Feb 2026.





financial.studentaid.gov

Forex    Wom...    Cruci...    learn...    Onlin...    (42,0...    All Sh...    Edfin...

# Loan Details As of 02/26/2026 (ET)

## EXHIBIT B
## PG 2

Loan        1-02 DL Consolidated - Unsubsidized

| | |
|---|---|
| Loan Status | PAID BY DISCHARGE AND/OR WRITE OFF |
| Repayment Plan | PAID IN FULL |
| Repayment Start Date | 08/31/2009 |
| End Date | 11/01/2024 |

**Did You Know?** Any remaining balance on loans repaid under Income Driven Repayment (IDR) plans will be forgiven after 20 to 25 years of qualifying repayment. Log into StudentAid.gov to view your qualifying repayment progress.

| | |
|---|---|
| Unpaid Principal | -$0.00 |
| Unpaid Interest | $0.00 |
| Current Balance | $0.00 |
| Interest Rate | 0.000% |
| | Interest rates on federal student loans are set by Congress. |
| Interest Type | Fixed |
| Interest Accrued Through ⓘ | 02/26/2026 |

| | |
|---|---|
| Loan Type ⓘ | DIRECT |
| School | CONSOLIDATED |
| Current Owner | U.S. DEPARTMENT OF EDUCATION |
| Disbursement Date | 08/31/2009 |
| Original Principal | $20,433.75 |

LOG IN TO STUDENTAID.GOV

View and learn more about all your federal student loans.

Go Now

myaccount.edfinancial.studentaid.gov

# EXHIBIT B

# Loan Details As of 02/26/2026 (ET)

| Loan | 1-01 DL Consolidated - Subsidized | ▼ |
| --- | --- | --- |

| | |
| --- | --- |
| Loan Status | PAID BY DISCHARGE AND/OR WRITE OFF |
| Repayment Plan | PAID IN FULL |
| Repayment Start Date | 08/31/2009 |
| End Date | 11/01/2024 |

**Did You Know?** Any remaining balance on loans repaid under Income Driven Repayment (IDR) plans will be forgiven after 20 to 25 years of qualifying repayment. Log into StudentAid.gov to view your qualifying repayment progress.

| | |
| --- | --- |
| Unpaid Principal | -$0.00 |
| Unpaid Interest | $0.00 |
| Current Balance | $0.00 |
| Interest Rate | 0.000% |
| | Interest rates on federal student loans are set by Congress. |
| Interest Type | Fixed |
| Interest Accrued Through ⓘ | 02/26/2026 |

| | |
| --- | --- |
| Loan Type ⓘ | DIRECT |
| School | CONSOLIDATED |
| Current Owner | U.S. DEPARTMENT OF EDUCATION |
| Disbursement Date | 08/31/2009 |
| Original Principal | $22,826.53 |

| LOG IN TO STUDENTAID.GOV | View and learn more about all your federal student loans. | Go Now |
| --- | --- | --- |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York  ▼

| | |
|---|---|
| Nicole  Hills | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )  Civil Action No. |
| ED FINANCIAL SERVICES LLC<br>CITI BANK, N.A. | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ED FINANCIAL SERVICES LLC
298 N SEVEN OAKS DR
KNOXVILLE, TN 37922-2369

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Nicole Hills
15-571 116th Avenue
Jamaica, New York 11434

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                                    .

□ I personally served the summons on the individual at *(place)*

on *(date)*                              ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)*                                  , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                              ; or

□ I returned the summons unexecuted because                                  ; or

□ Other *(specify):*

My fees are $            for travel and $            for services, for a total of $        0      .

I declare under penalty of perjury that this information is true.

Date:

                                        *Server's signature*

                                        *Printed name and title*

                                        *Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | | Reset |

From: Nicole Hills
155-71 116th Avenue
Jamaica NY 11434



TO: United States District Court
for the New York Eastern District
225 Cadman Plaza East
Brooklyn NY 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  MAR 24 2026  ★
BROOKLYN OFFICE

**UNITED STATES POSTAL SERVICE.**                Retail

**P**   US POSTAGE PAID
$10.20   Origin: 11434
03/21/26
35418 0234-13

PRIORITY MAIL®

0 Lb 4.90 Oz
RDC 03

EXPECTED DELIVERY DAY: 03/24/26

C030

SHIP TO: 225 CADMAN PLZ E
BROOKLYN NY 11201-1832

USPS TRACKING® #

9505 5124 5338 6080 3491 78

# JS 44 (Rev. 03/24) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nicole Hills

**DEFENDANTS**
ED FINANCIAL SERVICES LLC & Citi Bank N.A.

**(b)** County of Residence of First Listed Plaintiff    **Queens County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **Knox County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
15571 116th Avenue, Jamaica, NY 11434

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane  [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product  Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability  [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &  Pharmaceutical | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| & Enforcement of Judgment | Slander  Personal Injury | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'  Product Liability | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted | Liability  [ ] 368 Asbestos Personal | | New Drug Application | [ ] 470 Racketeer Influenced and |
| Student Loans | [ ] 340 Marine  Injury Product | | [ ] 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | [ ] 345 Marine Product  Liability | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | [ ] 350 Motor Vehicle  [ ] 370 Other Fraud | **LABOR** | | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle  [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | **SOCIAL SECURITY** | Protection Act |
| [ ] 190 Other Contract | Product Liability  [ ] 380 Other Personal | Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal  Property Damage | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | Injury  [ ] 385 Property Damage | Relations | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | [ ] 362 Personal Injury -  Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | Medical Malpractice | [ ] 751 Family and Medical | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | Leave Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights  **Habeas Corpus:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting  [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment  [ ] 510 Motions to Vacate | | or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/  Sentence | | [ ] 871 IRS--Third Party | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | Accommodations  [ ] 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -  [ ] 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment  **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities -  [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | State Statutes |
| | Other  [ ] 550 Civil Rights | Actions | | |
| | [ ] 448 Education  [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee -  Conditions of  Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C § 1681

Brief description of cause:
Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  3/20/2026

SIGNATURE OF ATTORNEY OF RECORD  *Nicole A Hills*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____